J. A04003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN ROBERT CARLEY, JR., | : | No. 1820 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 16, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0007537-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND SHOGAN, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED APRIL 25, 2017**

This case returns to us on remand from the Pennsylvania Supreme Court for further consideration in light of ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160 (2016).  After review, we vacate and remand for resentencing.

The underlying facts of this case were set forth in our prior Opinion filed on June 16, 2016.  ***Commonwealth v. Carley***, 141 A.3d 1287, 1288 (Pa.Super. 2016), ***appeal granted***, 279 WAL 2016 (Pa. Jan. 18, 2017) (***per curiam***).  Following a non-jury trial, appellant was found guilty of driving under the influence ("DUI") -- general impairment, driving while operating privileges are suspended or revoked, and disorderly conduct.[1]  On

---

[1] 75 Pa.C.S.A. § 3802(a)(1), 75 Pa.C.S.A. § 1543(b)(1.1)(i), & 18 Pa.C.S.A. § 5503(a)(1), respectively.

October 16, 2014, appellant was sentenced to 18 to 36 months' imprisonment for DUI, and a concurrent sentence of 90 days on the summary charge of driving without a license. A sentence of no further penalty was imposed on count 4, disorderly conduct. Appellant's sentence for DUI included a mandatory minimum sentence of 12 months' imprisonment, as he had refused chemical testing and this was his 7th DUI offense.[2]

Appellant filed a timely direct appeal; and on June 16, 2016, this court affirmed the judgment of sentence, rejecting appellant's argument that he could not be penalized for exercising his constitutional right to refuse a warrantless blood test. This court determined that **Missouri v. McNeely**, ___ U.S. ___, 133 S.Ct. 1552 (2013), upon which appellant primarily relied, did not extend a constitutional right to refuse to consent to chemical testing. **Carley**, 141 A.3d at 1290. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was granted on January 18, 2017, limited to the following issue as framed by appellant:

---

[2] **See** 75 Pa.C.S.A. § 3803(b)(4) ("An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree."); 75 Pa.C.S.A. § 3804(c)(3) ("An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows: (3) For a third or subsequent offense, to: (i) undergo imprisonment of not less than one year[.]"). Without a finding that appellant refused chemical testing, he faced a mandatory minimum of 10 days' imprisonment. 75 Pa.C.S.A. § 3804(a)(3)(i).

> When a defendant, following an arrest for DUI, refuses to provide blood for the purposes of chemical testing, is enhanced criminal punishment under 75 Pa.C.S. § 3803(b)(4) and 75 Pa.C.S. § 3804(c) constitutional, when such refusal constitutes the right to refuse a warrantless search, such right provided by the Fourth Amendment to the Constitution of the United States of America?

Petition for Allowance of Appeal to Pennsylvania Supreme Court, 7/15/16 at 3.

The petition was otherwise denied. This court's order affirming appellant's judgment of sentence was vacated, and the case was remanded to this court for further consideration of the issue in light of **Birchfield**.

We recently applied **Birchfield** in **Commonwealth v. Giron**, ___ A.3d ___, 2017 WL 410267 (Pa.Super. Jan. 31, 2017), which controls the case **sub judice**. In **Giron**, as here, the defendant refused to provide a blood sample and received a mandatory minimum sentence of 90 days' imprisonment for a second offense DUI -- general impairment with refusal pursuant to 75 Pa.C.S.A. § 3804(c)(2)(i). **Id.** at *3. Addressing **Birchfield**, this court determined that the defendant's sentence was illegal where he was subject to criminal penalties for his refusal to submit to a warrantless blood test:

> Recently, the Supreme Court of the United States held that states cannot impose criminal penalties upon individuals who refuse to submit to a warrantless blood test because such penalties violate an individual's Fourth Amendment (as incorporated into the Fourteenth Amendment) right to be free from unreasonable searches and seizures.

> ***Birchfield***, 136 S.Ct. at 2185-2186. After ***Birchfield***, this Court held that sections 3803 and 3804 impose criminal penalties upon individuals who refuse to submit to blood tests. ***See Commonwealth v. Evans***, ___ A.3d ___, ___, 2016 WL 7369120, *8 (Pa.Super. Dec. 20, 2016).

***Id.*** at *3.

> We hold that, pursuant to ***Birchfield***, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804. As Appellant was subjected to the enhanced penalties provided by sections 3803 and 3804 for refusing to provide a blood sample, his sentence was illegal.

***Id.*** at *4 (footnote omitted).

As such, in line with this court's holdings in ***Evans*** and ***Giron***, we are constrained to vacate appellant's judgment of sentence and remand for resentencing without consideration of 75 Pa.C.S.A. §§ 3803(b)(4) and 3804(c)(3).

Appellant had raised an additional issue for our review on appeal, whether the trial court erred in admitting evidence of his refusal at trial under 75 Pa.C.S.A. § 1547(e).[3] Appellant argued that this violated his

---

[3] **(e) Refusal admissible in evidence.--**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with

constitutional right to refuse a warrantless blood test, an argument that this court rejected based on pre-**Birchfield** case law holding that there is no constitutional right to refuse chemical testing under Pennsylvania's implied consent law. **Carley**, 141 A.3d at 1291. We distinguished **McNeely** on the basis that here, the police did not order that a blood sample be taken from appellant without his consent. **Id.** at 1290.

As stated above, the Pennsylvania Supreme Court limited allowance of appeal to the issue of appellant's sentence.[4] The admission into evidence of appellant's refusal is not an issue that is before this court on remand. Furthermore, while the Court in **Birchfield** held that motorists may not be criminally punished for refusing to submit to a warrantless blood test, the Court acknowledged that, "Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. Petitioners do not question the constitutionality of those laws, and nothing we say here

> other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

[4] The Pennsylvania Supreme Court did not grant allowance of appeal as to appellant's second issue: "Where a defendant, following an arrest for DUI, refuses to provide blood for the purposes of chemical testing, should the Commonwealth be permitted to use said refusal, to help establish the guilt of said defendant, when such constitutes the right to refuse a warrantless search?" (Petition for Allowance of Appeal to Pennsylvania Supreme Court, 7/15/16 at 3.)

should be read to cast doubt on them." ***Birchfield***, 136 S.Ct. at 2185, citing ***McNeely***, 133 S.Ct. at 1564-1566 (plurality); ***South Dakota v. Neville***, 459 U.S. 553, 560 (1983). ***See also McNeely***, 133 S.Ct. at 1566 (recognizing, without condemnation, that "[M]ost States allow the motorist's refusal to take a BAC test to be used as evidence against him in a subsequent criminal prosecution." (citations omitted)); ***Commonwealth v. Beshore***, 916 A.2d 1128, 1141-1142 (Pa.Super. 2007) (***en banc***), ***appeal denied***, 982 A.2d 509 (Pa. 2007) (admission into evidence of defendant's refusal to submit to blood test not violative of defendant's privilege against self-incrimination (citations omitted)). Therefore, until the Pennsylvania Supreme Court holds otherwise, we will not find 75 Pa.C.S.A. § 1547(e) constitutionally infirm.

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017